### CHURCHILL v. UNITED FRUIT CO.

(District Court, D. Massachusetts. November 14, 1923.)

No. 2013.

1. Carriers ⬳281—Contract of carriage presupposes passenger to be in normal health.

The contract of a common carrier of passengers has reference to passengers in normal health, and in the absence of special agreement it is under no duty to proffer special care or treatment to a passenger in ill health, who is capable of requesting any extra care or service required.

2. Shipping ⬳166(1)—Not required to assume care of passenger's health.

A common carrier owes no duty to examine prospective passengers to ascertain their condition of health, nor to restrain a passenger from leaving the vessel on which he is a passenger at the end of the voyage, because his health may be thereby endangered, unless it is apparent that he is not mentally capable of taking care of himself.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**8. Death ⊜17—Prior injury not proximate cause of death from suicide.**

Suicide, due to a mind disordered by an accident or injury, is not so related to the physical injury as to furnish a ground for recovery of damages for the death.

**4. Shipping ⊜166(4)—Declaration held not to state cause of action for wrongful death.**

A declaration alleging that defendant accepted plaintiff's intestate as a passenger on its vessel when he was ill of smallpox, failed to give him proper care and treatment on the voyage or to advise him of the nature of his disease, and at the end of the voyage permitted him to go on shore, in consequence of which acts of negligence he died, without alleging any special contract, that defendant knew the nature of his illness, or that treatment was requested, *held* not to state a cause of action.

At Law. Action by Florence E. Churchill, administratrix, against the United Fruit Company. On demurrer to declaration. Demurrer sustained.

James W. Sullivan, of Lynn, Mass., and Thos. A. Henry, of Salem, Mass., for plaintiff.

Storey, Thorndike, Palmer & Dodge and R. G. Dodge, all of Boston, Mass., for defendant.

MORTON, District Judge. The principles of law underlying this case were carefully considered and elaborately stated in Connors v. Cunard S. S. Co., 204 Mass. 310, 90 N. E. 601, 26 L. R. A. (N. S.) 171, 134 Am. St. Rep. 662, 17 Ann. Cas. 1051. Speaking generally, common carriers, being obliged to accept as passengers all persons except those likely to annoy or endanger other passengers, are required to conduct their business with regard to the general run of travelers, and are not required to make provision for special and unusual cases. If a person who is ill chooses to travel, he has, in the absence of some special agreement with the carrier, no ground of complaint because the carrier did not make adequate provision for people in his condition; for one reason, the fare paid is not based on such service. If he declares his condition when offering himself as a passenger, and the carrier with knowledge of it accepts him, the facts may show a special contract or undertaking by the carrier to furnish extra care and attention; and a similar undertaking might perhaps be inferred from the acceptance as a passenger of a person obviously unable to take care of himself. If a passenger becomes incapacitated en route, the burden is thrown upon the carrier to take such measures for his safety and protection as are reasonably within the carrier's power. A doctor has to be carried on certain vessels, because required by the Act of August 2, 1882 (22 Stat. 188; U. S. Comp. St. § 8002); but, without some special undertaking of the kind just referred to, the carrier is under no duty to see that passengers who appear to be able to look after themselves receive proper medical treatment. It undertakes no guardianship of passengers in respect to their health. They are free to call the doctor or not, and to follow his advice or not. O'Brien v. Cunard S. S. Co., 154 Mass. 272, 28 N. E. 266, 13 L. R. A. 329. If the doctor

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

attends them, he does so as their physician. Neither the vessel nor her owners are' liable for his negligence in treating his patients. The Great Northern, 251 Fed. 826, 163 C. C. A. 660 (C. C. A. 9th).

The declaration in this case is loosely drawn and contains many broad statements imputing negligence or breach of duty to the defendant in general terms. Such pleadings are not easy to deal with upon demurrer. The question which they present is less one of specific allegations than of gathering from the paper as a whole the substantive case or defense which it is intended to set up. I have so regarded the present declaration, and have been assisted in so doing by the statements of plaintiff's counsel at the argument on the demurrer.

[1] As I understand the plaintiff's position, the declaration is not intended to allege a failure on the part of the defendant to exercise reasonable care for Churchill, if he had been in ordinary health. The negligence relied upon in the first count is a failure to give Churchill such care as his illness required. There are no allegations in this or in any of the counts that reasonable requests by him for assistance were refused, or that he appeared to be, or was, mentally incapacitated from looking after his health, or that there was any agreement for extra care at the time when he became a passenger. Upon the principles of law above stated this count does not, in my opinion, state any cause of action.

[2, 3] As to the second count: The defendant owed no duty to prospective passengers to examine them and ascertain whether they were free from disease before accepting them as passengers. Nor, as above stated, did it owe any duty of care.or treatment to passengers who became ill, further than to furnish such aid and assistance as they might reasonably request of it; nor any duty to restrain them from leaving its vessel at the completion of the voyage because their health might be endangered by doing so. If it were apparent that a passenger was mentally incapable of taking care of himself, the defendant's duty would, as I have said, be greater. But there is no allegation that Churchill was in that condition. Suicide, due to a mind disordered by an acident or injury, is not so related to the physical injury as to furnish a ground of damages for death. Scheffer v. Railway Co., 105 U. S. 249, 26 L. Ed. 1070; Salsaedo v. Palmer (C. C. A.) 278 Fed. 92, 23 A. L. R. 1262. No cause of action is stated in this count.

[4] As to the third count: It is not clear on what claim or claims of negligence this count is based. In the first part it recites that the defendant was engaged in erecting a hotel in Jamaica, and that the deceased was employed in the construction of it, but there is no allegation that he was employed by the defendant; that while so employed he became ill, and "by virtue of the circumstances and surroundings of his employment was compelled to rely upon the defendant;" that the defendant gave him "improper and incompetent advice and aid," and when he was ill of smallpox accepted him as a passenger on one of its steamers; that the deceased by reason of improper and incompetent treatment of him by the defendant was unaware of the nature of his affliction, but complained of illness, and while in that condition was accepted as a passenger by this defendant; that the deceased while

a passenger was so ill that he was compelled to be in bed and was unable to care for himself; that the defendant knew the deceased was ill, "and by reason of the acceptance of the deceased was in duty bound to give and render the deceased proper medical care and attention during the voyage," but utterly failed and neglected to do so; that the defendant negligently failed to warn the deceased of the nature of his illness and negligently permitted him to go ashore at New York when he was suffering from smallpox; that as a result of the defendant's negligence "in failing to properly treat or advise the said Churchill" he suffered consciously and died.

I construe this count as intended to charge negligence on the part of the defendant in failing properly to care for and warn a sick passenger and to furnish him with proper medical attention. If it had been intended to rely on some special contract of employment or transportation, such contract should, and naturally would, have been clearly and definitely stated. So construed, the count does not state a cause of action. It is based, like the preceding counts, on a misconception of the duty which the carrier owes to its passengers.

As to the fourth count: This count is based on the acceptance of Churchill as a passenger when he was ill with smallpox, on the defendant's failure to provide medical treatment for the disease, and on alleged negligence "in suffering him to depart [from the vessel in New York] while suffering from smallpox." It is covered by what has already been said. It states no cause of action.

As to the fifth count: This count does not allege any contract of employment which was broken, nor any agreement to give Churchill extra care as a passenger. A contract of employment and transportation to and from the work which a man is hired to do does not imply an agreement to furnish medical advice and services, nor "to transport or return said Churchill to his home in the same or as nearly the same condition as when Churchill left his home." This count states no case.

Various quarantine laws have been referred to. Breach of them would subject the defendant to penalties; but I am unable to see that they affected its duty towards the intestate as a passenger.

As the demurrer must be sustained on the broad grounds which I have indicated, it is not necessary to discuss the other objections to the declaration which were argued.

Demurrer sustained.