**Viola & John DI BONAVENTURE**

v.

**HOME LINES, INC. and Motor Ship, SS Oceanic, her engines, tackle and appurtenances and Home Lines Cruises, Inc., and Sergio Lazzaro, M.D.**

Civ. A. No. 81–1886.

United States District Court,
E. D. Pennsylvania.

Feb. 8, 1982.

Robert C. Daniels, P. C. by Stephen Saltz, Philadelphia, Pa., for plaintiffs.

Rawle & Henderson by Kevin Berry, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This is a diversity jurisdiction action for damages arising out of injuries allegedly sustained by plaintiff-wife while a passenger aboard the SS Oceanic. Trial on the plaintiffs' claims of negligence on the part of all defendants except Sergio Lazzaro, M.D. (Dr. Lazzaro) in allegedly causing plaintiff-wife to fall and thereby injure herself was held before this court, sitting with a jury, and resulted in a verdict and judgment for the defendants. Presently before the court is the motion of the defendant Dr. Lazzaro to dismiss for lack of in personam jurisdiction and improper service. For the reasons which follow the motion is granted. Also before the court is the motion of the other defendants to dismiss for failure to state a claim upon which relief can be granted. That motion is granted as well.

### I

Dr. Lazzaro is a resident and domiciliary of Italy and is not a citizen, resident or domiciliary of Pennsylvania. Dr. Lazzaro sailed aboard the SS Oceanic as ship's surgeon on the voyage on which plaintiff-wife was allegedly injured. After she fell and injured herself the doctor provided diagnos-

tic and other medical services to the plaintiff-wife while aboard ship. The ship sailed from and returned to New York and never entered Pennsylvania waters. At no relevant time was Dr. Lazzaro in Pennsylvania. Service upon Dr. Lazzaro is asserted by plaintiff to have been made pursuant to Rule 4(d)(1) and (7) of the Federal Rules of Civil Procedure, and 42 Pa.C.S.A. 5323, but the validity of that alleged service has been challenged. Though the court has serious doubts regarding whether service meeting the requirements of the law has in fact been made upon Dr. Lazzaro, we need not directly address that question since, even assuming *arguendo* that valid service has been effectuated, this court nonetheless lacks personal jurisdiction over the doctor, as explained below.

Defendant Home Lines, Inc. was and is a foreign corporation with its principal place of business in Greece. Defendant Home Lines Cruises, Inc. is a New York corporation with its principal place of business in New York, and acts as general agent for Home Lines, Inc. in the United States. These two defendants have distributed in Pennsylvania an advertising brochure describing their cruises and including the following statement: "Medical Service: The Oceanic carries qualified physicians and nurses."

## II

Plaintiffs assert that Dr. Lazzaro was an employee of the defendant Home Lines, Inc., owner of the S.S. Oceanic, and that the medical services of the ship were advertised in travel brochures distributed in Pennsylvania. Hence, plaintiffs argue, Dr. Lazzaro performed acts in furtherance of Home Line's business in Pennsylvania, thus satisfying the Pennsylvania long arm statute and the minimum contacts with this forum needed under the due process requirements of the Constitution.

The Pennsylvania long arm statute, 42 Pa.C.S.A. 5322 provides, *inter alia*, that personal jurisdiction may be exercised over a person transacting any business in the Commonwealth, or based upon the most minimum contacts with the Commonwealth allowed under the Constitution of the United States.

A non-resident, non-consenting defendant is subject to a forum's in personam jurisdiction only if that defendant's contacts with the forum are such that maintenance of the suit will not offend traditional notions of fair play and substantial justice. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Among the factors to be considered by the court in applying this standard are the burden on the defendant if forced to appear and defend, the plaintiff's interest in obtaining convenient relief, and the forum's interest in adjudicating the dispute. While *World-Wide Volkswagen, Id.*, and *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) have spoken only in terms of those "minimum" contacts needed to confer jurisdiction over a defendant, the Third Circuit, per Judge Gibbons, has in dicta read *International Shoe* as establishing a "minimum contacts" analysis only with regard to claims arising out of forum-related activities, with the personal jurisdiction prerequisite for claims unrelated to the forum being the maintenance by the defendant of " 'continuous and substantial' forum affiliations." *Schwilm v. Holbrook*, 661 F.2d 12, 14 (3d Cir. 1981); *Compagnie des Bauxites de Guinea v. Ins. Co. of North America*, 651 F.2d 877, 889 (3d Cir. 1981) (Gibbons, J., dissenting). This interpretation would appear to be in essence a recognition that for due process to be afforded, a decreased nexus between the forum and the cause of action requires an increased connection between the forum and the defendant over whom jurisdiction is sought. In the case *sub judice*, the complained of actions of the doctor occurred in international waters and were completely unrelated to Pennsylvania, so that under the approach set forth in *Schwilm v. Holbrook*, the more exacting requirement of maintenance of continuous and substantial forum affiliations would have to be shown

before jurisdiction could be asserted over Dr. Lazzaro. No such showing is even remotely possible under the facts. In addition, it is clear to the court that even under a minimum contacts analysis, as refined by the Supreme Court in *World-Wide Volkswagen* and *Shaffer v. Heitner*, the defendant doctor's contacts with this Commonwealth are insufficient to subject him to our jurisdiction. The only possible contact by the doctor with this forum is by virtue of his relationship with the defendant shipowner as ship's surgeon, yet that is no contact here at all, since neither the doctor nor the ship were ever in Pennsylvania waters. Moreover, that the shipowner does business in this forum likewise does not lead to a conferral of personal jurisdiction on Dr. Lazzaro. The law is clear that to establish jurisdiction over an individual on the basis of "doing business" requires a showing not only that the individual did business in Pennsylvania, but that the business was done by him for himself and not for or on behalf of his corporation or employer. *Spelling-Goldberg Productions v. Bodek & Rhodes*, 452 F.Supp. 452, 454 (E.D.Pa.1978); *Feld v. Tele-View, Inc.*, 422 F.Supp. 1100 (E.D.Pa.1976). Thus the long arm statute is inapplicable to the defendant doctor on the basis of either "doing business" or "minimum contacts."

### III

■ The claim against Dr. Lazzaro is for negligence-medical malpractice in his treatment of the plaintiff-wife aboard the S.S. Oceanic after she fell and injured herself. The remaining claim against the other defendants is based on a respondeat superior theory arising out of the claim against the doctor. According to the plaintiffs, Dr. Lazzaro was an employee of Home Lines, Inc. The other defendants deny this, and assert that the doctor was an independent contractor and that vicarious liability may not be ascribed to them.

There is no question that Dr. Lazzaro was the ship's surgeon, and that he sailed with and worked aboard the Oceanic, where he treated the plaintiff-wife. Yet that is not

sufficient to hold the shipping company "vicariously liable for the negligence or malpractice of a ship's physician on the theory that such a physician is a salaried member of the crew, subject to the ship's discipline and master's orders and presumably under the general direction and supervision of the company's chief surgeon." *Amdur v. Zim Israel Navigation Co.*, 310 F.Supp. 1033, 1042 (S.D.N.Y.1969). As noted by that court, such a rationale, although in fact relied upon in *Nietes v. American President Lines, Ltd.*, 188 F.Supp. 219 (N.D.Cal.1959), "is not sound as a general rule." *Amdur v. Zim Israel Navigation Co.*, 310 F.Supp. at 1042.

This court finds itself in agreement with the observation of the court in *Amdur* that a ship's doctor is an "independent medical expert", and we quote from the court's astute analysis:

"It is the general rule that a physician or surgeon taken on board in compliance with a statutory command is not a servant or agent of the shipowner and the latter is not liable for the negligence of the former in treating a passenger, provided the duty of selecting a physician who is competent and duly qualified has been fulfilled. In the selection of the physician, only reasonable care and diligence need be exercised; and this duty is sufficiently fulfilled when the physician's fitness is diligently inquired into and proper evidence of his qualifications received. The fact that the physician errs in his treatment does not prove that he was incompetent or that the company was negligent in appointing him."

*Id.*, and cases cited therein; *accord, Cimini v. Italia Crociere International S.P.A.*, slip op., 80 Civ. 7237 (S.D.N.Y. July 14, 1981). Moreover, the *Amdur* court correctly labelled as "pure sophistry" the assertion that a shipowner or master or shore based surgeon is capable of supervising or controlling the medical treatment rendered by a ship's doctor. *Id.* As the court stated, "[t]o pretend, as the *Nietes* case does, that mere employment of a physician by a shipping company pursuant either to statutory com-

mand or to the exigencies of competitive transportation creates control, is to create a species of liability without fault which is without precedent." *Id.* at 1042–1043. After all, respondeat superior theory is predicated upon the control inherent in a master-servant relationship. Where, as here, such control is lacking, there can be no vicarious liability.

### ORDER

The Motion of defendant Sergio Lazzaro, M.D. to dismiss is GRANTED.

The Motion of the defendants to dismiss the remaining claim against them is GRANTED.

IT IS SO ORDERED.