Kathleen HUNTLEY, Plaintiff,

v.

CARNIVAL CORPORATION, a foreign corporation, d/b/a Carnival Cruise Lines, and Dr. Gregory M. McNamara, M.D., Defendants.

No. 03–21925–CIV.

United States District Court, S.D. Florida. Miami Division.

March 12, 2004.

Peter J. Oppenheimer, Esq., Samuel M. Spatzer, P.A., Miami, FL, Counsel for Plaintiff.

Jeffrey E. Foreman, Esq., Rachel S. Cohen, Esq., Mase & Gassenheimer, P.A., Miami, FL, Counsel for Defendants.

## ORDER DENYING DEFENDANT CARNIVAL CORPORATION'S MOTION TO DISMISS

KING, District Judge.

THIS CAUSE comes before the Court upon Defendant Carnival Corporation's ("Defendant") Motion to Dismiss, filed December 3, 2003, and orally argued on February 3, 2004.[1]

### BACKGROUND

On July 21, 2002, Plaintiff began her seven day cruise aboard Defendant's ship the "Sensation." While in the casino bar

---

1. On January 21, 2004, Plaintiff filed her Response. On January 27, 2004, Defendant filed its Reply.

of Defendant's ship, "Plaintiff slipped and fell on a substance and injured her body and extremities." (Pl.'s Compl. ¶ 10.) Plaintiff was subsequently treated on the ship by Dr. Gregory M. McNamara, M.D. ("Dr. McNamara"), who is a physician employed by Defendant to render medical assistance to the passengers and crew aboard the "Sensation."

On July 18, 2003, Plaintiff filed her five-count Complaint.[2] Count I alleges negligence against Defendant for failure to use reasonable care in maintaining the common areas of the "Sensation." Count II alleges vicarious liability against Defendant for alleged medical malpractice based on actual or apparent agency. Count III alleges negligent hiring and retention of medical staff against Defendant. Count IV alleges direct medical negligence against Defendant as a health care provider. Count V alleges medical malpractice against Dr. McNamara.

In its current Motion, Defendant argues that Counts II and IV must be dismissed because under *Barbetta v. S/S Bermuda Star*,[3] a cruise ship cannot be held vicariously liable for the alleged negligence of the ship's doctor. In her Response, Plaintiff argues that there is a trend in the law away from *Barbetta*, and the Court should adopt the reasoning set forth in *Carlisle v.*

*Carnival Corp.*[4] and deny Defendant's Motion to Dismiss.

## LEGAL STANDARD

A motion to dismiss will be granted only where it is clear that no set of facts consistent with the allegations could provide a basis for relief. Fed.R.Civ.P. 12(b)(6). "It is well established that a complaint should not be dismissed for failure to state a claim pursuant to Fed.R.Civ.Pro. 12(b)(6) 'unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.'" *Bradberry v. Pinellas County*, 789 F.2d 1513, 1515 (11th Cir.1986) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). For purposes of a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all facts alleged by the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir.1986) (citation omitted).

## DISCUSSION

2. The procedural posture of this case is somewhat confusing. Prior to filing the above-styled action, in December of 2002, Plaintiff filed an identical action in the Miami–Dade County Circuit Court ("State court"). On June 27, 2001, the State court dismissed Counts II (vicarious liability) and IV (direct medical negligence as health care provider). Then, on August 27, 2003, *Carlisle v. Carnival Corp.*, 864 So.2d 1 (Fla. 3d DCA 2003) was decided, and Plaintiff moved to reinstate her dismissed claims. Thirty days later, Defendant moved to dismiss the entire action based on the passenger ticket's forum selection clause, which requires that all passenger dis-

putes be brought in federal court in the Southern District of Florida. The State court subsequently dismissed Plaintiff's entire action, then reinstated Counts I and III on February 2, 2004. On March 4, 2004, the State court heard oral argument on Plaintiff's Motion to reinstate Counts II and IV in light of *Carlisle*. As far as this Court knows, no decision has yet been rendered.

3. 848 F.2d 1364 (5th Cir.1988).

4. 864 So.2d 1 (Fla. 3d DCA 2003).

Under the majority rule [5] of *Barbetta,* if a cruise line's doctor is negligent in treating a passenger, the cruise line cannot be held vicariously liable for the doctor's negligence. 848 F.2d 1364, 1369 (5th Cir. 1988). The reasons set forth for this rule are the cruise line's lack of control over the doctor-patient relationship (*Barbetta* argues that such relationship "is under the control of the passengers themselves"), and the cruise line's lack of expertise in providing medical services to its passengers (*Barbetta* argues that "[a] ship is not a floating hospital"). *Id.* at 1369–70.

Until recently, the "lone beacon of dissent"[6] was *Nietes v. American President Lines, Ltd.,* which held that:

> where a ship's physician is in the regular employment of a ship, as a salaried member of the crew, subject to the ship's discipline and the master's orders, and presumably also under the direction and supervision of the company's chief surgeon through modern means of communication, he is, for the purposes of *respondeat superior* at least, in the nature of an employee or servant for whose negligent treatment of a passenger a shipowner may be held liable.

188 F.Supp. 219, 220 (N.D.Cal.1959). On August 23, 2003, however, the Third District Court of Appeal of Florida rejected *Barbetta* and choose to follow the minority rule set forth in *Nietes. Carlisle,* 864 So.2d at 5. In a thorough and well-reasoned opinion, the *Carlisle* Court rejected *Barbetta's* finding that a passenger at sea has any meaningful control over his or her relationship with the ship's doctor, finding instead that "a cruise passenger at sea and in medical distress does not have any meaningful choice but to seek treatment from the ship's doctor." *Id; see also Fairley,* 1993 AMC at 1638 (cited with approval in *Carlisle* ). Moreover, *Carlisle* rejected the argument that a cruise line is not in the business of providing its passengers with medical care and thus, lacks the necessary expertise to be held vicariously liable for the ship doctor's negligence. 864 So.2d at 6. Instead, the Court reasoned that because a seriously ill or injured passenger is sufficiently foreseeable and likely to disrupt maritime pursuits, such incidents can be found to be "substantially related to traditional maritime activity."[7] *Id.* Additionally, the Court noted that "the cruise line is already held vicariously liable for the negligence of the same ship's doctor in the treatment of hundreds of people—the crew." *Id.* at 7. The *Carlisle* Court thus concluded that "regardless of the contractual status ascribed to the doctor [as an independent contractor], for purposes of fulfilling the cruise line's duty to exercise reasonable care, the ship's doctor is an *agent* of the cruise lie *whose negli-*

---

**5.** The Eleventh Circuit has not addressed the issue.

**6.** *Fairley v. Royal Cruise Line, Ltd.,* 1993 AMC 1633, 1635–37 (S.D.Fla.1993) (criticizing *Barbetta* and discussing with approval the rational of *Nietes* ).

**7.** Perhaps even more persuasive is Judge Marcus's opinion that where the cruise line has made an economic decision—that it is most cost-effective for the cruise line and most attractive to prospective passengers for

it to employ a shipboard doctor with a well-equipped shipboard infirmary in order to discharge its duty to provide reasonable medical attention under the circumstances—it is not unreasonable to require the cruise line to bear the costs of such decision. *Fairley,* 1993 AMC at 1639. *See also Carlisle,* 864 So.2d at 6 (noting that there is "undoubtedly a benefit derived by the cruise line in being able both to market the availability of a doctor and to more cost effectively address its duty to passengers").

*gence should be imputed to the cruise line."* 864 So.2d at 7 (emphasis added).

Finally, this Court has already recognized the possibility of a cruise line's vicarious liability based on apparent agency in a case almost identical to the case at bar. *Fairley,* 1993 AMC at 1639 (S.D.Fla.1993) (denying defendant cruise line's motion to dismiss). Therefore, based on the record before the Court and the persuasiveness of the above-cited case law, this Court is unable to conclude that Plaintiff will be unable to establish any set of facts entitling her to relief.

## CONCLUSION

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant's Motion to Dismiss Counts II and IV of Plaintiffs' Complaint be, and the same is hereby, DENIED. Defendant Carnival Corporation shall file an Answer to Plaintiff's Complaint within twenty (20) days of the date of this Order.