**Roger PETERSON, Plaintiff,**

v.

**CELEBRITY CRUISES, INC., Defendant.**

**Case No. 10–23071–CV.**

United States District Court, S.D. Florida.

Nov. 30, 2010.

Ilona M. Demenina, Allan Bennett Kaiser, The Ferraro Law Firm, Miami, FL, for Plaintiff.

Amanda Lesley Jacobs, Royal Caribbean Cruises Ltd., Danielle Portia Rubin, Darren Wayne Friedman, Maltzman Foreman P.A., Miami, FL, for Defendant.

## ORDER ON MOTION TO DISMISS

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court on Defendant's Motion to Dismiss. (D.E. 6.)

THE COURT has reviewed the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.

### I

Plaintiff Roger Peterson claims Defendant Celebrity Cruises, Inc. (Celebrity) is liable for injuries he suffered while a passenger on board the MS Celebrity Solstice (the Vessel).

On March 19, 2010, Peterson, and eighty-four-year-old passenger of the Vessel was admitted to the Vessel's infirmary with complaints of numbness in his right leg. (Am. Compl. ¶¶ 11–13.) After his admission Peterson was treated by the onboard physician Dr. Ralph Newball and two members of the Vessel's nursing staff. (Am. Compl. ¶¶ 11–17.) After an initial consultation, Dr. Newball decided to prepare to evacuate Peterson to a hospital in the Dominican Republic, and Celebrity made the arrangements to dispatch a medical helicopter for the evacuation. (Am. Compl. ¶¶ 15 & 16.) The nurses prepared

Peterson for evacuation and secured him to a stretcher on orders from Dr. Newball. (Am. Compl. ¶¶ 17–23.) At all times Dr. Newball and the nurses wore crew uniforms. (Am. Compl. ¶ 9.)

■ Importantly, Peterson alleges "the cruise ticket contract did not refer to any of the medical personal aboard the vessel as independent contractors," and attaches two pages of the contract to the Amended Complaint. (Am. Compl. 10; D.E. 4–1.) Celebrity, however, submits the entire contract which states, in pertinent part:

4. **MEDICAL CARE AND OTHER PERSONAL SERVICES:**

*    *    *

*b.* Relationship with Service Providers. To the extent Passengers retain the services of medial personnel or independent contractors on or off the Vessel, Passengers do so at their sole risk. Any medical personnel attending to a passenger on or off the Vessel, if arranged by Carrier, are provided solely for the convenience of the Passenger, work directly for the Passenger, and shall not be deemed to be acting under the control or supervision of the Carrier, as Carrier is not a medical provider. . . . Even though the Carrier shall be entitled to Charge a fee and earn a profit for arranging such services, all such persons or entities shall be deemed independent contractors and not acting as agents or representatives of carrier. . . . [1]

(D.E. 6–1.)

Peterson alleges he suffered injury as a result of the negligence of Dr. Newball and

---

1. *Federal Rule of Civil Procedure* 10(c) states, in pertinent part: "A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." And "when the plaintiff fails to introduce a pertinent document as part of her pleading, a significant number of cases from throughout the federal court system make it clear that the defendant may introduce the document as an exhibit to

a motion attacking the sufficiency of the pleading; that certainly will be true if the plaintiff has referred to the item in the complaint and it is central to the affirmative case." 4 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1327 (3d ed.). Thus, the Court considers the entire contract, as attached to Celebrity's Motion to

the nurses, particularly when he was prepared for evacuation and secured to the stretcher. Accordingly, on September 8, 2010, Peterson filed the instant Amended Complaint against Celebrity seeking damages for the personal injuries he suffered. Although the single Count is titled "Vicarious Liability for Negligence," in addition to claims of vicarious liability, Peterson alleges Celebrity voluntarily assumed a duty of reasonable care with respect to his evacuation.[2]

Celebrity now moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6) for failure to state a claim upon which relief can be granted. Celebrity argues that under general maritime law a cruise line is not vicariously liable for the negligence of its medical staff. The Court addresses the Motion below.

## II

In order to state a claim, Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In addition, the complaint's allegations must include "more than an unadorned, the defendant unlawfully harmed me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citation omitted). The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* (citation omitted). Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* (internal quotations and citation omitted). Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id.* (citation omitted).

## III

Celebrity argues that the Amended Complaint fails to state a claim upon which relief can be granted because a cruise line cannot be held liable for the medical negligence of its onboard health staff as a matter of federal maritime law and that Peterson fails to state sufficient facts with respect to his voluntarily-assumed-duty claim. The Court addresses both arguments below.

## A

■ Celebrity argues that both Peterson's actual and apparent agency claims fail as a matter of law. Under general maritime law, a cruise line clearly cannot be held vicariously liable under a theory of

---

Dismiss, to be a part of the Amended Complaint.

**2.** The original Complaint, filed on August 26, 2010, did not include the claim regarding Celebrity's voluntarily assumed duty.

actual agency for the medical negligence of onboard medical staff. *See Barbetta v. S/S Bermuda Star,* 848 F.2d 1364 (5th Cir. 1988). "[W]e hold—as has every court to consider the question in the last one hundred years except [one]—that general maritime law does not impose liability under the doctrine of respondeat superior upon a carrier or ship owner for the negligence of a ship's doctor who treats the ship's passengers."[3] *Id.* at 1372; *see also, e.g., Hajtman v. NCL (Bahamas) Ltd.,* 526 F.Supp.2d 1324 (S.D.Fla.2007); *Hesterly v. Royal Caribbean Cruises, Ltd.,* 515 F.Supp.2d 1278 (S.D.Fla.2007). Thus, Peterson's actual agency vicarious liability claims fail as a matter of law.

With respect to apparent agency, Peterson argues that *Barbetta* addresses only liability based upon a theory of actual agency and not liability based upon a theory of apparent agency and that a cruise line waives its vicarious liability immunity if it manifests an apparent agency. In support, Peterson cites to several courts from this District which have embraced this distinction. *See, e.g., Doonan v. Carnival Corporation,* 404 F.Supp.2d 1367, 1372 (S.D.Fla.2005) (J. Martinez) (holding the Court was unwilling to conclude that there are no conceivable facts under which the plaintiff could demonstrate an apparent agency claim). The Court generally agrees that *Barbetta* does not prohibit, as a matter of law, such apparent agency claims. Nevertheless, these claims are difficult to establish. *See Hajtman,* 526 F.Supp.2d at 1328–29 (holding that the "long standing maritime principle that carriers . . . are not vicariously liable for the acts of their medical staff" weighs against a finding that a passenger reasonably be-

lieved ship doctors are the agents of a cruise line).

Under general maritime law:
Apparent agency will be established when: 1) the alleged principal makes some sort of manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal, 2) that such belief was reasonable, and 3) that the claimant reasonably acted on such belief to his detriment.

*Doonan,* 404 F.Supp.2d at 1371. And in this case, Peterson fails to state a plausible claims for apparent agency.

■ The only non-conclusory factual allegations of any manifestation of agency on Celebrity's part are the allegations that Celebrity equipped the ship with an infirmary and provided a medical staff who wore Celebrity uniforms. And these alleged manifestations are insufficient, when considered together with the notice provided by the explicit agency disclaimer in the cruise ticket contract, to form the basis of a *reasonable* belief of an agency relationship. *See Hajtman,* 526 F.Supp.2d at 1328–29 (holding, under virtually identical circumstances, that apparent agency claim failed because belief in the agency relationship was unreasonable as a matter of law). Accordingly, the Court will grant the Motion to Dismiss with respect to the actual and apparent agency claims.

**B**

■ Celebrity argues Peterson fails to state a claim for breach of a voluntarily assumed duty. Peterson argues he has sufficiently alleged that Celebrity "negligently carr[ied] out the task of preparing to secure Peterson to a stretcher, on orders for Dr. Newball" a task which was

---

**3.** Peterson acknowledges that whether the Amended Complaint "states a cause of action for Celebrity's negligence based on the theory of respondeat superior turns on whether this Court chooses to follow the *Barbetta* line of cases relied on by Celebrity." (D.E. 7.)

voluntarily assumed by Celebrity when it undertook to make the arrangements for his evacuation. (D.E. 7.) The Court agrees with Celebrity that Peterson's claim fails.

Peterson alleges only that Celebrity made the arrangements to dispatch the evacuation helicopter based upon *Dr. Newball's decision* to evacuate Peterson. And Peterson does not allege that those arrangements were negligently made (e.g., that the air ambulance company was negligently selected). Instead, Peterson alleges that the nurses negligently secured Peterson to a stretcher—a medical procedure—on orders from Dr. Newball. Thus, regardless of whether Celebrity owed a duty of reasonable care with respect to the procurement of a medical evacuation helicopter, Peterson alleges no breach of that duty, but instead alleges medical negligence of the type unattributable to Celebrity under *Barbetta*. *See* 848 F.2d at 1372. Accordingly, the Court will grant the Motion to Dismiss with respect to Peterson's voluntarily-assumed-duty claim.

## IV

For the above stated reasons, it is

ORDERED AND ADJUDGED that the Motion to Dismiss (D.E. 6) is GRANTED as follows. Peterson's actual agency claims are DISMISSED WITH PREJUDICE. Peterson's apparent agency and voluntarily-assumed-duty claims are DISMISSED WITHOUT PREJUDICE. It is further

ORDERED AND ADJUDGED that Peterson may file a Second Amended Complaint, in accordance herewith, on or before December 6, 2010. **Failure to do so will result in the dismissal of the entire case with prejudice and without further notice.**