Mildred MASCOLO and Nick Mascolo,
her husband, Plaintiffs,

v.

COSTA CROCIERE, S.p.A., Defendant.

No. 88–6794–CIV.

United States District Court,
S.D. Florida.

May 11, 1989.

J. Raul Cosio, Holland & Knight, Miami, Fla., for defendant.

Gary Gerrard, Haddad, Josephs & Jack, Coral Gables, Fla., for plaintiffs.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON COUNT III OF AMENDED COMPLAINT

JAMES LAWRENCE KING, Chief Judge.

The defendant moves for summary judgment on Count III of the amended complaint. In Count III, the plaintiffs' seek damages from the defendant for the alleged malpractice of the defendant's doctor. After reviewing the relevant, uncontested facts, the court grants the motion.

The plaintiffs brought this action seeking relief from the defendant, the owner of the S/S Costa Riviera, for injuries allegedly sustained by plaintiff Mildred Mascolo while a passenger on the vessel. The plaintiffs claim that the ship doctor's negligence in treating Mildred Mascolo exacerbated her injuries.

The S/S Costa Riviera is a passenger vessel registered in the Republic of Italy. Under Italian law, all Italian passenger vessels traveling outside the parameters of the Mediterranean Sea must employ a physician who is duly licensed to serve on board passenger vessels. The Italian regulations require a ship's doctor to have a degree in medicine from an accredited Italian medical school, two years' experience as a practicing physician, fluency in two foreign languages. In addition, the doctor must as well complete successfully both the written and oral examinations administered by the Italian Ministry of Health. The Italian regulatory authorities maintain exclusive control over the initial qualifying process as well as the continuing monitoring of qualified ship doctors.

The doctor on board the S/S Costa Riviera when the plaintiff was injured was Doctor Renatto Lungarotti. Doctor Lungarotti is a licensed ship doctor who is duly certified under Italian law. No one other than Doctor Lungarotti has the authority or expertise to medically treat passengers on board the S/S Costa Riviera.

A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion by identifying those portions of "the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits," which it believes demonstrate the absence of a general issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). When this initial burden is satisfied, the nonmoving party must then set forth sufficient facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The defendant has accompanied its motion for summary judgment with several

affidavits. These affidavits detail the Italian government regulations for ship doctors, as well as the employment history of Doctor Lungarotti. The defendants accompany these affidavits with a memorandum, which sets forth the long established rule in admiralty that a ship owner cannot be responsible for the negligence of its ship doctor. *See Barbetta v. S/S Bermuda Star*, 848 F.2d 1364 (5th Cir.1988), *Amdur v. Zim Israel Navigation Co.*, 310 F.Supp. 1033, 1969 A.M.C. 2418 (S.D.N.Y.1969). The reasoning behind the rule prohibiting the negligence of a ship doctor from being imputed to a ship owner is sound.[1] Two justifications exist for the rule. The first justification emphasizes the nature of the relationship between the passenger and the physician and the carrier's lack of control over that relationship. *Barbetta*, 848 F.2d at 1369. The work that the physician or surgeon does is generally considered under the control of the passengers themselves. *Id.* (citing *O'Brien v. Cunard Steamship Co.*, 154 Mass. 272, 28 N.E. 266, 268 (1891)). Generally, the masters or owners of the ship cannot interfere in the treatment of the medical officer when he or she attends to a passenger. *Id.* When treating a patient, the ship owner cannot control the doctor's activities. *Id.* Secondly, a shipping company is not in the business of providing medical service to passengers. *Id.* (citing *Amdur*, 310 F.Supp. at 1042). The ship owner does not possess the expertise requisite to supervise a physician or surgeon carried on board a ship as a convenience to passengers. *Id.*

In light of this well-reasoned precedent, the plaintiffs make two arguments. They first contend that a doctor hired by the ship, as an officer of the ship, should be considered under the control of the ship owner. *See Nietes v. American Presidential Lines Ltd.*, 188 F.Supp. 219, 1960 A.M.C. 1603 (N.D.Ca.1959). They then argue in the alternative, maintaining that

even if this mere fact of employment is insufficient to establish *respondeat* to *superior* liability, the existing rule of law needs to be changed.

The plaintiff's first argument is unpersuasive. They confuse control over the doctor with control over the medical activity. Ship owners can have no control over a ship doctor's medical activity, for they lack the expertise. For this reason, the long established rule is proper.

The court must also reject the plaintiff's second argument. The mere fact that the controling principals of law here have been in existence for over a century is an indication that the rule is a sound one. The plaintiff's argument that the rule is unduly harsh and not contemporary is a mere house of cards. Under the doctrine of *stare decisis* we will not and cannot abolish a century-old rule of law.

Consistent with this opinion, the court

ORDERS and ADJUDGES that the defendant's motion for summary judgment on Count III is GRANTED.

DONE and ORDERED.

## STIPULATION FOR JUDGMENT AND DISMISSAL WITH PREJUDICE

The parties to this cause hereby advise the Court that all matters in dispute between them have been settled and therefore request that this Court enter an Order dismissing this action with prejudice as an adjudication upon the merits.

DATED this 31st day of August, 1989.

/s/ J. Raul Cosio
J. Raul Cosio, Esq.
HOLLAND & KNIGHT
Attorneys for Defendant
1200 Brickell Avenue
P.O. Box 015441
Miami, Florida 33101
(305) 374–8500

---

1. Of course when a carrier undertakes to employ a doctor aboard ship for its passenger's convenience, the carrier has a duty to employ a doctor who is competent and duly qualified. *Barbetta*, 848 F.2d at 1369. If the carrier breaches its duty, it is responsible for its own negligence. *Id.* In contesting the defendant's motion for summary judgment, the plaintiffs never raise the issue of Doctor Lungarotto's competence. Accordingly, for purposes of this motion, the court assumes that Doctor Lungarotto is qualified, for he, as shown by the defendant's affidavits, is licensed to be a ship doctor under Italian regulations.

/s/ Gary Gerrard
Gary Gerrard, Esq.
HADDAD, JOSEPHS & JACK
Attorneys for Plaintiffs
P.O. Box 345118
Coral Gables, Florida 33114
(305) 666-6006

### ORDER OF DISMISSAL

THIS CAUSE having come before this Court for consideration upon the parties' stipulation for judgment of dismissal, and the Court being fully advised in the premises, it is

ORDERED AND ADJUDGED that this cause is hereby dismissed with prejudice as an adjudication on the merits.

DONE AND ORDERED this 11th day of September, 1989.

(s) James Lawrence King
District Court Judge