[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 28 2000
THOMAS K. KAHN
CLERK

-------------------------------------------
Nos. 98-4455 and 98-4937
-------------------------------------------
D. C. Docket No. 95-8310-CV-DMM


COASTAL FUELS MARKETING, INC.,
COASTAL OFFSHORE FUELS, INC.,

Plaintiffs-Appellants,

versus

FLORIDA EXPRESS SHIPPING CO., INC.,

Defendant-Appellee.

--------------------------------------------------------------------------------------------------

-------------------------------------------
No. 98-5108
-------------------------------------------
D. C. Docket No. 95-8310-CV-FJL

COASTAL FUELS MARKETING, INC.,
COASTAL OFFSHORE FUELS, INC.,

Plaintiffs-Counter-Defendants-
Appellees-Cross-Appellants,

versus

FLORIDA EXPRESS SHIPPING CO., INC.,

> Defendant-Counter-Claimant-
> Appellant-Cross-Appellee,

SUNTRUST BANK, MIAMI, N.A.,

> Garnishee.

---

--------------------------------------------
No. 98-5188
--------------------------------------------
D. C. Docket No. 95-8310-CV-FJL

COASTAL FUELS MARKETING, INC.,
COASTAL OFFSHORE FUELS, INC.,

> Plaintiffs-Counter-Defendants-
> Appellees,

versus

FLORIDA EXPRESS SHIPPING CO., INC.,

> Defendant-Counter-Claimant-
> Appellant.

---------------------------------------------------------------
Appeals from the United States District Court
for the Southern District of Florida
---------------------------------------------------------------
**(March 28, 2000)**

Before EDMONDSON and BARKETT, Circuit Judges, and COHILL\*, Senior District Judge.

PER CURIAM:

This appeal arises from a dispute about entitlement to insurance proceeds and attorney's fees. We affirm the judgment except that, because the court failed to determine whether the amount of attorney's fees requested by Defendant Florida Express Shipping Co. ("Express") for the work of its out-of-state counsel was reasonable, we must vacate and remand on that issue.

---

\*Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

BACKGROUND

In 1993, Plaintiff, Coastal Fuels Marketing, Inc. ("Coastal"), entered into a bareboat charter agreement with Express to charter the MV Florida Express for four years. In 1995, the MV Florida Express caught fire and was seriously damaged while at sea. At the time of the fire, there was a $5,300,000 agreed value hull insurance policy covering the MV Florida Express. The insurance proceeds were to be distributed according to the terms of the bareboat charter. But, the parties disagreed on which provisions of the bareboat charter were controlling and whether the charter was ambiguous. Depending on how the charter was interpreted, Coastal would or would not be entitled to approximately $900,000 of the $5.3 million of proceeds.

Coastal filed suit seeking a declaratory judgment that it was entitled to the disputed funds. Express answered and claimed that it was entitled to the disputed funds. Express also counterclaimed, alleging that it (pursuant to the bareboat charter) was entitled to additional charter hire payments. At trial, Coastal also sought reimbursement from Express for certain items it claimed were left on board the MV Express when the vessel was returned to Express, sought contribution for amounts paid to settle a personal injury suit arising out of the fire, and additionally claimed that Express's acts deprived Coastal of its option to purchase the MV

4

Express.  Pursuant to a court order,  $1,650,000 of the insurance proceeds were placed in escrow.  The vessel was sold for scrap.

The parties consented to a bench trial before a magistrate judge and a three-day trial was held.  Following trial, the court declared that Express was entitled to the disputed insurance proceeds and also awarded Express $59,500 in charter hire.  Coastal was awarded $38, 897.32 as reimbursement for fuels and lubricants that were left on board the vessel, but did not otherwise recover.

After the court entered judgment, both parties claimed that, pursuant to the charter agreement, they were entitled to attorney's fees.  Upon reviewing the motions and holding a telephone conference, the court said that, because Express had "prevailed on most of its claims filed in this action," Express was entitled to attorney's fees and costs pursuant to the terms of the charter agreement.  Although Coastal was awarded money for the fuel and lubricants that had been left on board the vessel, the court denied its motion for fees and said that "[s]imply because the Plaintiffs prevailed on a portion of their claim does not make them prevailing parties nor does it negate this Court's ability to find that the Defendant prevailed on most of its claims."  The court scheduled an evidentiary hearing on the "issue of reasonableness of the fees and costs sought by the Defendant."

At the evidentiary hearing, Express's lead counsel, Mr. Mariani, and an attorney from his firm, Mr. Copeland, testified about the number of hours spent on the case by the attorneys and paralegals of their firm and their hourly rates. The court received into evidence the billing summaries and invoices for Mariani's firm. The court also heard expert testimony from both sides about the reasonableness of Mariani's fee request. Mariani, Copeland and the expert witness were subject to cross-examination by Plaintiff.

Express also requested attorney's fees for work performed by Express's out-of-state counsel, Cadwalader, Wickersham & Taft. No Cadwalader attorney was present at the hearing. Mr. Mariani, as lead counsel in the case, attempted to testify about Cadwalader's fees. The court, however, did not allow Mr. Mariani to testify about the bills submitted by Cadwalader. The court did receive into evidence Cadwalader's billing summaries.

The court also heard, from both sides, expert testimony about the reasonableness of Cadwalader's fee request. Express's expert's testimony was based on a review of the billing records and on an interview of Cadwalader's billing partner on the case. Express's expert was subject to cross-examination on these matters.

In its order on attorney's fees, the court awarded Express $130,036.50 for its local counsel's fees. The court also said that, because no Cadwalader representative had appeared at the evidentiary hearing, Plaintiff was prevented from cross-examining or inquiring into the reasonableness of the fees charged and the tasks performed by Cadwalader. The court noted that it had scheduled the hearing to receive all evidence on the reasonableness of the fees and costs sought by defendant; the court then concluded that Cadwalader had failed to present sufficient evidence at the hearing about the amounts sought. Therefore, the court decided that no fees or costs attributable to Cadwalader were recoverable against Plaintiff. The court made no specific findings about the reasonableness or unreasonableness of Cadwalader's billings.

## DISCUSSION

We review the court's findings of fact for clear error and the conclusions of law de novo. See Worthington v. United States, 21 F.3d 399, 400 (11th Cir. 1994). We review the decision to grant or deny attorney's fees for an abuse of discretion. See United States v. Gilbert, 198 F.3d 1293, 1298 (11th Cir. 1999).

On appeal, Plaintiff argues that the court erred in interpreting the bareboat charter, in excluding Coastal's expert witness, and in determining that Express was entitled to the disputed funds and additional charter hire. We have reviewed the record and the court's findings of fact and conclusions of law; we see no reversible error. Therefore, we affirm without further discussion the court's determination that Express is entitled to the disputed insurance proceeds and that Express is entitled to additional charter hire in the amount of $59,500. The remaining issues concern the court's treatment of Express's claim that it was entitled to attorney's fees.

I. Express's Entitlement to Fees

Because this case involves the interpretation and construction of a bareboat charter agreement, this case arises in admiralty; and we apply the general maritime law. See Sea Lane Bahamas, Ltd. v. Europa Cruises Corp., 188 F.3d 1317, 1320 (11th Cir. 1999); Atlantic Lines, Ltd. v. Narwhal, Ltd., 514 F.2d 726, 731 (5th Cir. 1975). A party is not entitled to attorney's fees in an admiralty case unless fees are statutorily or contractually authorized. See Galveston County Navigation Dist. v. Hopson Towing Co., 92 F.3d 353, 356 (5th Cir. 1996). In this case, a specific

contractual provision allows for the recovery of attorney's fees as damages for breach of the charter. Paragraph 35 of the charter said: "Damages for breach of this Charter shall include all provable damages, and all reasonable costs, disbursements and attorney's fees incurred by the Owner or the Charterer in any action or proceeding to enforce any rights under this Charter."

Coastal argues that the court erred in finding that Express was entitled to attorney's fees. Coastal contends that, because it recovered $39,897.32 for lubricants and fuel, the court erred when it concluded that Express was the prevailing party. Put differently, Coastal argues that, because both parties partially prevailed, neither party was entitled to attorney's fees.

Express argues that not only did it prevail on its claim for charter hire, it also prevailed on the central issue in the litigation: who was entitled to the disputed insurance proceeds. And, Express points out that, even though Coastal recovered some money for lubricants and fuel left on board the vessel, it did not have a net recovery. Citing Florida case law, Express argues that it was the prevailing party and that it was therefore entitled to attorney's fees under the charter agreement.

General maritime law is federal law. See World Tanker Carriers Corp. v. MV Ya Mawlaya, 99 F.3d 717, 723 (5th Cir. 1996). But, when neither statutory nor judicially created maritime principles provide an answer to a specific legal

9

question, courts may apply state law provided that the application of state law does not frustrate national interests in having uniformity in admiralty law. See Steelmet, Inc. v. Caribe Towing Corp., 779 F.2d 1485, 1488 (11th Cir. 1986) ("One must identify the state law involved and determine whether there is an admiralty principle with which the state law conflicts, and, if there is no such admiralty principle, consideration must be given to whether such an admiralty rule should be fashioned. If none is to be fashioned, the state rule should be followed."); Palestina v. Fernandez, 701 F.2d 438, 439 (5th Cir. 1983)("[W]here there is no uniform federal rule, 'even though admiralty suits are governed by federal substantive and procedural law, courts applying maritime law may adopt state law by express or implied reference or by virtue of the interstitial nature of federal law.'")(quoting Baggett v. Richardson, 473 F.2d 863, 864 (5th Cir. 1973)); see also Wilburn Boat Co. v. Fireman's Fund Ins. Co., 75 S. Ct. 368 (1955); Aasma v. American S.S. Owners Mut. Protection and Indem. Ass'n, 95 F.3d 400 (6th Cir. 1996).

As applied to this case, the parties do not cite to -- and we have not found -- federal statutes or general maritime cases which provide an answer to the question of whether Coastal's victory on its claim for fuel and lubricants precludes Express from being held entitled to an award of attorney's fees under the contract. Express,

10

however, cites to Florida cases for the proposition that the party entitled to attorney's fees pursuant to the terms of a contractual provision is the party who has won on the "significant issues in the litigation." Moritz v. Hoyt Enters., Inc., 604 So. 2d 807, 810 (Fla. 1992) ("[T]he fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court."). And, whether a party received a "net judgment," while not the determinative factor, is a significant factor in determining whether a party "prevailed." See Prosperi v. Code, Inc., 626 So. 2d 1360, 1363 (Fla. 1993).

We think that this issue is not the kind of issue that calls for us to create a uniform national rule in admiralty. This case is not one which affects the "interests concerned with shipping in its national and international aspects." See Wilburn, 75 S. Ct. at 375 (Frankfurter, J. concurring). This case concerns attorney's fees and whether the contractual provision which provides for attorney's fees should be construed to allow the party that was successful on all but one minor issue to recover attorney's fees. Nothing particularly maritime in nature sticks out about this issue, see AASMA, 95 F.3d at 404, so we look to Florida law for guidance.[1]

---

[1]This course is particularly appropriate here: the parties agreed in their pretrial statement that both Florida law and general maritime law would apply. Also, in their briefs, both parties rely upon Florida law and do not contend that some other state law should apply.

The court said that it found Express to be entitled to fees because Express had "prevailed on most of its claims filed in this action." Upon the completion of the litigation, Express was declared entitled to disputed funds in the amount of $1,650,000 and was also entitled to $59,500 in additional charter hire. Plaintiff was only held entitled to $38,897.32 for fuels and lubricants that had been left on board the vessel. Express clearly prevailed on the significant issue tried before the court, and the court's decision to award Express attorney's fees was no error. See Moritz, 604 So. 2d at 810.

## II. Express's Fee Award

On cross appeal, Express raises this issue: whether the court erred in not determining whether Express's attorney's fees request for its out-of-state counsel, Cadwalader, was reasonable and in summarily rejecting the fee request because Cadwalader had sent no representative to testify at the evidentiary hearing.

We review an award of attorney's fees for an abuse of discretion. See American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). "An abuse of discretion occurs if the judge fails to apply the proper legal

standard or to follow proper procedures in making the determination or bases an award [or a denial] upon findings of fact that are clearly erroneous." United States v. Gilbert, 198 F.3d 1293, 1298 (11th Cir. 1999). On these facts, we believe that discretion was abused.

We have previously said that a fee applicant bears the burden of establishing entitlement and of documenting the appropriate hours and hourly rates. See Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). We have also noted that courts are often faced with fee applications that are not well-prepared which are sometimes supported by opinions on reasonableness. See id. In those circumstances, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. Therefore, where documentation or testimonial support is lacking, the court may make the award on its own experience. See id. Moreover, we have said that a court's order on attorney's fees must allow meaningful appellate review. The trial court should articulate and give principled reasons for its decisions and show some calculations. If the court disallows hours, it must explain which hours are disallowed and show why an award of those hours would be improper. Id. at 1304.

In this case, Express submitted billing records in support of its fee application for both its local and its out-of-state counsel. Express's expert had reviewed the billing records of both firms, had interviewed both billing partners, and testified about the reasonableness of the fee requests. Express's expert was cross-examined by Coastal on those matters. And, Coastal's expert had reviewed the billing records of both firms and testified on the reasonableness of the fee request.

The only difference in the evidence presented between the fee request that was allowed (Express's fee request for its local counsel's fees) and the fee request that was denied in its entirety (Express's fee request for Cadwalader's fees) was that in the former there was testimony by members of the firm about what they had worked on in the case. In the latter, there was no testimony by a member of the Cadwalader firm.

The issue thus becomes whether just Cadwalader's failure to send a representative to testify at the evidentiary hearing on fees precludes the award of any fees where it is undisputed that Cadwalader had performed work on this case, Cadwalader had submitted its billing records to the court, and expert testimony (which had been subjected to cross-examination) had been presented about the reasonableness of the fees. The answer is "no."

14

We do not want attorney's fees proceedings to be full trials. In this case, the evidence available to the court was sufficient for the court to have used its own expertise to assess the reasonableness of the fee request and to award some fees. It was an abuse of discretion to disallow altogether Express's request for Cadwalader's attorney's fees just because Cadwalader did not send a member to the hearing.

We do not intend to discourage a court from scheduling an evidentiary hearing where appropriate. To the extent that the absence of certain testimony about a firm's billing records means that specific questions the court might have go unanswered, that is a factor which a court may use in determining whether certain amounts requested were unreasonable. But, in the circumstances of this case, a firm's failure to send a member is, in itself, an insufficient reason to disallow completely a fee request. We must vacate the court's decision on this issue and remand with instructions that the court determine whether the amount of fees requested by Express for the services of Cadwalader, Wickersham, & Taft, were reasonable.

For the reasons stated herein, the judgment below is affirmed except that we vacate and remand for a determination about the reasonableness of the fee request.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

15