Sonya HESTERLY, Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD., A Liberian Corporation, Kethe Berghall, M.D., Amratcal Shau, M.D. and (First Name Unknown) Uate, M.D., Defendant.

No. 06–22862CIV.

United States District Court, S.D. Florida.

Aug. 6, 2007.

Anna M. Morrissey, Jospeh A. Morrissey, Morrissey Law Office, Springfield, MO, Kenneth Gale Hawkes, Kenneth Gale Hawkes PA, Miami, FL, for Sonya Hesterly, Plaintiff.

Frank Andrew Prieto, Law Office of Frank Andrew Prieto, P.A., Coral Gables, FL, Paul Kozacky, Chicago, IL, Keith Steven Brais, McAlpin & Brais, Miami, FL, Richard Dennis Rusak, Brais & Associates, P.A., Miami, Wallace S. Squibb, Turner Reid Duncan Loomer & Patton, Springfield, MO, for Royal Caribbean Cruises, Ltd., Defendant.

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS COUNTS I, II, III AND VII OF THE AMENDED COMPLAINT [DE # 53]

ALAN S. GOLD, District Judge.

THIS CAUSE came before the Court on Defendants' Motion to Dismiss [DE # 53], filed by Defendant Royal Caribbean Cruises LTD. ("Royal Caribbean") on November 20, 2006. Having reviewed the Motion [DE # 53], Response [DE # 57], and Reply. [DE # 63] I grant in part and deny in part Defendants' Motion to Dismiss.

### I. Factual Background

The following facts from the Amended Complaint are assumed to be true for purposes of evaluating the Motion to Dismiss. Plaintiff Sonya Hesterly ("Hesterly"), and three of her friends purchased tickets for travel aboard the M/V Radiance of the Seas ("the Radiance"), a Royal Caribbean cruise ship. (Amended Complaint ¶ 15). On January 8, 2006, they began their voyage aboard the Radiance. (*Id.* at ¶ 16).

On January 9, 2006, Hesterly was walking through one of the ship's door ways when she tripped and fell on a loosened and pried-up threshold. (*Id.* at ¶ 19). As a result of the fall Hesterly's left knee became swollen almost immediately. (*Id.* at ¶ 28). Hesterly visited the ship's infirmary where Defendant Kethe Berghall, M.D. ("Dr.Berghall") examined her knee. (*Id.* at ¶ 29). Dr. Berghall took x-rays of Hesterly's knee, and after determining that there was no fracture, attempted to aspirate her knee. (*Id.* at ¶¶ 30–31). Plaintiff was sent back to her cabin with an ace bandage and was told to stay off of her knee. (*Id.* at ¶ 34). Upon Hesterley's return to her cabin, her knee severely worsened. (*Id.* at ¶ 35). On January 10, 2006, she returned to the ship's infirmary where she was treated by Defendants Amratcal Shau, M.D. ("Dr.Shau"), and (first name unknown) Uate, M.D. (*Id.* at ¶ 36). The swelling, discoloration, and pain in Hesterly's left knee persisted and she again returned to the infirmary on January 14, 2006, where she was treated for pain by Dr. Berghall and Dr. Shau, and sent back to her cabin. (*Id.* at ¶¶ 37–38). Hesterly's knee pain and discoloration worsened throughout the remainder of her stay on the ship. (*Id.* at ¶ 39).

On January 15, 2006, an ambulance met Hesterly at the dock in Miami, Florida,

where she was rushed to the emergency room at Mount Sinai Medical Center. (*Id.* at ¶ 40). At the hospital, Hesterly was diagnosed with compartment syndrome and the doctors performed emergency surgery. (*Id.* at ¶ 41). She remained at Mount Sinai Medical Center for twelve days for further medical treatment. (*Id.* at ¶ 42). Hesterly alleges continuing and ongoing pain and suffering for the injury sustained on board the Radiance, along with continuing medical treatment for the injury. (*Id.* at ¶¶ 46–47).

Hesterly has filed a multi-count Complaint asserting jurisdiction based on both admiralty and diversity jurisdiction. In Count I, Plaintiff asserts that Royal Caribbean negligently breached the duty to exercise reasonable care. In Count II, Plaintiff asserts that Royal Caribbean negligently hired and failed to supervise its medical staff. In Count III, Plaintiff asserts that Royal Caribbean was by statute a health care provider, and thus breached the professional standard of care for health care providers. In Count VII, Plaintiff asserts that Royal Caribbean engaged in the unlicensed practice of medicine, and thus is negligent *per se* under Florida law.

Royal Caribbean has moved to dismiss Counts I, II, III, and VII of Plaintiff's Amended Complaint on various grounds, set forth below.[1]

### II. Standard of Review

■ As the Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, —— U.S. ——, ——, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (May 21, 2007), a complaint must be dismissed pursuant to Fed. R.Civ.P. (12)(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a

claim to relief that is plausible on its face." (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Although a plaintiff need not state in detail the facts upon which he bases his claim, "Rule 8(a)(2) still requires a 'showing', rather than a blanket assertion, of entitlement to relief." *Bell Atlantic*, 127 S.Ct. at 1965, n. 3 (2007). In other words, a plaintiff's pleading obligation requires "more than mere labels and conclusions." *Id.* at 1964–65; *See also Pafumi v. Davidson*, No. 05–61679–CIV, 2007 WL 1729969 at \*2 (S.D.Fla. Jun.14, 2007).

■ The previous standard that there be "no set of facts" before a motion to dismiss is granted has thus been abrogated in favor of one that requires a pleading to be "plausible on its face." *Id.* at 1968 (discussing *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In order to survive a motion to dismiss, the plaintiff must have "nudged [his or her] claims across the line from conceivable to plausible." *Id.* at 1974.

While the Eleventh Circuit has yet to speak on the *Bell Atlantic* standard and the breadth of its holding, other circuits have had the opportunity to apply it. *See In re Ocwen Loan Servicing. LLC Mortgage Servicing Litigation*, No. 063132, 2007 WL 1791004 at \*8 (7th Cir. Jun 22, 2007) (explaining that a district court should now determine "whether the complaint contains 'enough factual matter (taken as true)' to provide the minimum notice of the plaintiffs' claim that the Court believes a defendant is entitled to."); *Marrero–Gutierrez v. Molina*, No. 06–2527, 2007 WL 1765550 at \*7 (1st Cir. Jun.20, 2007) (applying the *Bell Atlantic* Standard to a

---

1. Royal Caribbean moved to dismiss Hesterly's Amended Complaint but failed to state on what grounds. For purposes of evaluating this Motion, I will assume that Royal Caribbean has moved for dismissal pursuant to FRCP 12(b)(6).

claim of political discrimination); *Iqbal v. Hasty,* No. 05–5867CV, 2007 WL 1717803 at *1, 11 (2nd Cir. Jun. 5, 2007) ("We believe the [U.S. Supreme] Court is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausible standard.' "); *White v. Ockey,* No. 06–4225, 2007 WL 1600483 at *3 (10th Cir. Jun.5, 2007) (holding that plaintiff's claim failed to allege enough facts to state a claim under Fair Housing Act).

In determining whether to grant a motion to dismiss, the court must accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *Hoffend v. Villa,* 261 F.3d 1148, 1150 (11th Cir.2001). Moreover, I reiterate that Fed.R.Civ.P. 12(b) prohibits me from looking beyond the "four corners" of Plaintiff's Amended Complaint. With the foregoing standard in mind, I will consider Defendant's Motion to Dismiss Counts I, II, III, and VII of the Amended Complaint.

### III. Analysis

In support of its Motion to Dismiss, Royal Caribbean argues four points. With regard to Count I. Royal Caribbean argues that Hesterly alleges the incorrect standard of care. With regard to Count II, Royal Caribbean asserts that it does not owe the duty to supervise shipboard physicians, and further that Hesterly impermissibly seeks to hold Royal Caribbean vicariously liable for the medical malpractice of its ship's doctors. With respect to Count III, Royal Caribbean argues that it is not a medical care provider and thus cannot be held liable for the negligence of its ship's doctors. Finally, with regard to Count VII, Royal Caribbean argues that Hesterly's allegation of negligence *per se* under Florida law must fail because the claims

available to Plaintiff arise exclusively from the general maritime law. I will beginning by determining the applicable law, and will address each argument in turn.

### A. Applicable Law

The analysis of Royal Caribbean's Motion to Dismiss is governed by federal admiralty law because this claim involves maritime torts. See *Jackson v. Carnival Cruise Lines, Inc.,* 203 F.Supp.2d 1367, 1373 (S.D.Fla.2002) (citing *Everett v. Carnival Cruise Lines,* 912 F.2d 1355, 1358 (11th Cir.1990)) ("Because this is a maritime tort ... maritime law governs the substantive issues of the case."); *See also Doonan v. Carnival Corp.,* 404 F.Supp.2d 1367, 1370 (S.D.Fla.2005) (holding that courts have found admiralty law applies in personal injury disputes between passengers injured on cruise ships); *Keefe v. Bahama Cruise Line,* 867 F.2d 1318, 1320–21 (11th Cir.1989) ("[W]e note that the substantive law applicable to this action, which involves an alleged tort committed aboard a ship sailing in navigable waters, is the general maritime law, the rules of which are developed by federal courts."). In the present case, Plaintiff has alleged diversity of citizenship as a concurrent basis of subject matter jurisdiction; however, "if admiralty jurisdiction also exists, federal maritime law governs the substantive issues of the case." *See Jackson,* 203 F.Supp.2d at 1373 ("Even when, as here, the parties allege diversity of citizenship as a basis of subject matter jurisdiction, if admiralty jurisdiction also exists, federal maritime law governs the substantive issues of the case."). Furthermore, "only when neither statutory nor judicially created maritime principles provide an answer to a specific legal question, courts may apply state law provided that the application of state law does not frustrate national interests in having uniformity in admiralty law." *Stires v. Carnival*

*Corporation,* 243 F.Supp.2d 1313, 1321 (S.D.Fla.2002) (citing *Coastal Fuels Mktg., Inc. v. Florida Express Shipping Co.,* 207 F.3d 1247, 1251 (11th Cir.2000)). Thus, I conclude that admiralty law applies to the case at hand.

### B. Count I: Negligence

In Count I. Hesterly alleges:

Defendant Royal Caribbean Cruise Lines LTD., at all time material hereto, owed the plaintiff a duty, as a faire-paying passenger, to transport the Plaintiff to her destination while exercising a duty of reasonable care under the circumstances and due diligence for the Plaintiff's safety. (Am.Compl.¶ 53).

Further, Hesterly alleges:

Defendant further owed a duty to warn of all known dangers and all dangers of which Defendant reasonably should have known. (Am.Compl.¶ 54)

In its Motion to Dismiss, Royal Caribbean argues that in Count I of the Complaint Hesterly alleges the improper standard of care. In response, Hesterly argues that the correct standard is set out within Count I.

■■■ As a preliminary matter, I note that Hesterly does not provide any legal authority in support of her allegation that Royal Caribbean owed the additional obligations of "due diligence for plaintiff's safety" and "a duty to warn of all dangers." Furthermore, "it is a settled principle ... that a shipowner owes the duty of exercising reasonable care to those lawfully aboard the vessel who are not members of the crew." *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959) (citations omitted); *See also Everett,* 912 F.2d at 1358 (citing *Keefe,* 867 F.2d at 1322) ("[T]he benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circum-

stances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition."); *Barbetta v. S/S BERMUDA STAR,* 848 F.2d 1364, 1367 (5th Cir.1988) ("[A] carrier owe[s] it's sick and injured passengers a duty to exercise 'reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.'"). Further, while there is a duty of the carrier to warn the passenger of dangers, this obligation extends only to those dangers which are not apparent and obvious to the passenger." *Luby v. Carnival Cruise Lines,* 633 F.Supp. 40, 41 n. 1 (S.D.Fla.1986).

■■■ Accordingly, to the extent that Plaintiff alleges that the Defendant owed Plaintiff a duty of "due diligence for the Plaintiff's safety" and "a duty to warn of all dangers," dismissal is warranted. *See, e.g., Stires v. Carnival Corporation,* 243 F.Supp.2d 1313, 1318 (M.D.Fla.2002) (dismissing without prejudice a passenger's negligence claim against a cruise line for intermingling various standards of care). Insofar as Hesterly alleges that Royal Caribbean had a "duty to exercise reasonable care under the circumstances," Count I is sufficient to withstand Royal Caribbean's Motion to Dismiss.

### C. Count II: Negligent Hiring and Failure to Supervise

■■■ Royal Caribbean argues that Hesterly's Amended Complaint contains an allegation of negligent supervision against Royal Caribbean, and that no such duty exists under the general maritime law. Moreover, Royal Caribbean argues that in Count II of the Amended Complaint, Hesterly seeks to impermissibly hold the cruise line vicariously liable for the negligent acts of its medical staff. In response,

Hesterly argues that Count II states a viable cause of action as it seeks damages stemming from Royal Caribbean's negligent hiring and failure to supervise its medical staff. Further, Hesterly asserts that Count II does *not* seek to hold Royal Caribbean vicariously liable for the negligent acts of its medical staff.

Under maritime law, the majority rule espoused by an impressive number of federal courts and courts of appeal in many jurisdictions "establishes that a cruise line cannot be vicariously liable for the negligence of its ship's doctor in the care and treatment of passengers."[2] *See also Walsh v. NCL (Bahamas) Ltd.*, 466 F.Supp.2d 1271, 1274 (S.D.Fla.2006); *Doonan*, 404 F.Supp.2d at 1370; *Barbetta*, 848 F.2d at 1369; *Cummiskey v. Chandris, S.A.*, 895 F.2d 107, 108 (2d Cir.1990); *The Korea Maru*, 254 F. 397 (9th Cir.1918); *The Great Northern*, 251 F. 826 (9th Cir. 1918); *Mascolo v. Costa Crociere, S.p.A.*, 726 F.Supp. 1285, 1286 (S.D.Fla.1989). "When a carrier undertakes to employ a doctor aboard ship for its passengers' convenience, the carrier has a duty to employ a doctor who is competent and duly qualified.[3] If the carrier breaches its duty, it is responsible for its own negligence. *If the doctor is negligent in treating a passenger, however, that negligence will not be imputed to the carrier.*" *Barbetta*, 848 F.2d at 1369. In other words, "general maritime law does not impose liability under the doctrine of respondeat superior upon a carrier or ship owner for the negligence of a ship's doctor who treats the ship's passenger." *Barbetta*, 848 F.2d at 1372. "A ship owner's *sole* duty is to provide a duly qualified and competent [doctor]." *Carnival Corp. v. Carlisle*, 953 So.2d 461, 468 (Fla.2007) (citing *O'Brien v. Cunard Steamship Co.*, 154 Mass. 272, 28 N.E. 266, 267 (1891))

Furthermore, "[t]he justifications for this rule are the cruise line's lack of control over the doctor-patient relationship and the cruise line's failure to possess the expertise in supervising the doctor in his practice of medicine." *Walsh*, 466 F.Supp.2d at 1274 (citing *Doonan v. Carnival*, 404 F.Supp.2d 1367 (S.D.Fla.2005)); *See also Amdur*, 310 F.Supp. at 1042 ("A shipping company is not in the business of providing medical services to passengers, *it does not possess the expertise requisite to supervise a physician* or surgeon carried on board a ship as a convenience to passengers. A ship is not a floating hospital; a ship's physician is an independent medical expert engaged on the basis of his professional qualifications and carried on board a ship for the convenience of passengers, who are free to contract with him for any medical services they may require.") (emphasis added). Moreover, "the fact

---

**2.** I recognize that there is a minority view which holds that "[a] ship's doctor is an agent of the cruise line whose negligence should be imputed to the cruise line." *Carlisle v. Carnival Corp.*, 864 So.2d 1 (Fla. 3d DCA 2003); *See also Huntley v. Carnival Corp.*, 307 F.Supp.2d 1372, 1372 (S.D.Fla.2004) (denying Carnival's motion to dismiss a claim of vicarious liability where ship's doctor was negligent in treating a passenger for injuries sustained during a slip and fall). However, I decline to follow the minority rule in light of the recent Supreme Court of Florida decision and for the reasons stated in this Order. *See Carnival Corp. v. Carlisle*, 953 So.2d 461, 471

(Fla.2007) (adopting the majority view that a ship owner is not vicariously liable under the theory of respondeat superior for the medical negligence of shipboard physicians).

**3.** "This duty is sufficiently fulfilled when the physician's fitness is diligently inquired into; proper evidence of his treatment does not prove that he was incompetent or that the company was negligent in hiring him." *Jackson v. Carnival Cruise Lines, Inc.*, 203 F.Supp.2d 1367, 1374 (S.D.Fla.2002) (quoting *Cummiskey v. Chandris*, 719 F.Supp. 1183 (S.D.N.Y.1989)).

that [a] physician [on board a cruise ship] errs in his treatment, does not prove that he was incompetent or that the company was negligent in appointing him." *Barbetta,* 848 F.2d at 1374 (citing *Amdur,* 310 F.Supp. at 1042).

As correctly pointed out by Royal Caribbean, Hesterly improperly alleges that Royal Caribbean had a duty to supervise its shipboard medical staff. Specifically, Hesterly pleads that Royal Caribbean "owed a duty to Plaintiff and passengers aboard the M/V Radiance of the Seas to properly supervise the physicians it placed on board, employed, [or] invited ...." (Amended Compl. ¶ 62). As stated above, "a shipping company ... does not possess the expertise necessary to supervise a physician or surgeon carried on board a ship as a convenience to passengers." *Amdur,* 310 F.Supp. at 1042. This reasoning is the basis for the majority rule articulated in *Barbetta,* which states that a cruise line cannot be held vicariously liable for the actions of its shipboard physicians. *Barbetta,* 848 F.2d at 1369. Thus, because I find no legal authority and Plaintiff does not cite any authority in support of her allegation that a cruise line owes its passengers a duty to supervise it's shipboard medical staff, dismissal of Count II is warranted insofar as Plaintiff alleges a duty to supervise any medical employees hired.

Furthermore, no cause of action exists to the extent that Hesterly alleges that "[t]he errors in judgement and/or negligence in treatment of a ship's surgeon, ship's doctor, or ship's physician are imputed to the shipowner ...." (Am. Compl.¶ 64). "[A] ship owner cannot be responsible for the negligence of its ship doctor." *Doe v. Celebrity Cruises,* 145 F.Supp.2d 1337, 1345–46 (S.D.Fla.2001). The established admiralty case law holds that if a carrier chooses to employ a shipboard doctor and then breaches its duty to hire a competent and duly qualified doctor, "*it is responsible for its own negligence.*" *Barbetta,* 848 F.2d at 1369 (emphasis added). Accordingly, Royal Caribbean's Motion to Dismiss Count II of the Amended Complaint is granted to the extent that Hesterly pleads that the negligent acts of shipboard physicians are imputed upon the cruise line and that Royal Caribbean had an affirmative duty to supervise its medical staff. However, the claims relating to negligent hiring are sufficient to withstand Royal Caribbean's Motion to Dismiss.

### D. Count III: Medical Malpractice as to Defendant Royal Caribbean

In its Motion to Dismiss, Royal Caribbean argues that it is not a medical care provider and thus cannot be held vicariously liable for the alleged medical malpractice of its shipboard doctors. In response, Hesterly argues that whether Royal Caribbean is a medical care provider within the meaning of Fla. Stat. § 766.202(4) is a question of fact which cannot be resolved at the Motion to Dismiss stage.

First, I note that there is no requirement either under the general maritime law or statute for a vessel to carry a doctor. *See generally Walsh,* 466 F. Supp 2d at 1273 (finding that a carrier "has no legal duty under the established law of *Barbetta* to provide [passengers] with medical services."); *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1334 (11th Cir.1984) ("It is settled that a shipowner ordinarily has no duty to insure the health ... of its passengers."). Moreover, I reiterate the reasoning articulated above for the rule that a cruise line is not vicariously liable for the negligence of its shipboard doctors: "[A] shipping company is not in the business of providing medical services to passengers: it does not possess the expertise requisite to supervise a physician or surgeon carried on board a ship

as a convenience to passengers. A ship is not a floating hospital; a ship's physician is an independent medical expert engaged on the basis of his professional qualifications and carried on board a ship for the convenience of passengers, who are free to contract with him for any medical services they may require." *Barbetta,* 848 F.2d at 1374; *See also O'Brien,* 154 Mass. at 276, 28 N.E. 266 ("The law does not put the business of treating sick passengers into the charge of common carriers, and make them responsible for the proper management of it. The work a physician or surgeon does in such cases is under the control of the passengers themselves. It is their business, not the business of the carrier.").

■ In an attempt to characterize Royal Caribbean as a medical care provider Hesterly cites Fla. Stat. § 766.202(4), which states in relevant part:

"Health care provider" means any hospital, ambulatory surgical center, or mobile surgical facility; ... a blood bank; a plasma center; and industrial clinic; a renal dialysis facility; or a professional association or partnership, corporation, joint venture, or other association for professional activity by health care providers.

Fla. Stat. § 766.202(4). As such, Hesterly's argument that Royal Caribbean is as a medical care provider is clearly without merit. A cruise line is not a "... corporation, joint venture, or other association *for professional activity by health care pro-*

*viders."* Fla. Stat. § 766.202(4). Further, based upon the above cited case law and the long established maritime principal that a carrier does not have a duty to furnish a doctor for its passengers' use. I find that Royal Caribbean is not a health care provider and thus Fla. Stat. § 766.202(4) is inapplicable.[4]

Moreover, review of the Amended Complaint shows that Count III restates the allegation that "[t]he errors in judgement and/or negligence in treatment performed by Defendants BERGHALL, SHAU, and UATE in regard to Plaintiff in their capacities as ship's surgeons, ship's doctors, or ship's physicians are therefore imputed to Defendant, Royal Caribbean ...." (Am. Compl.¶ 86). This allegation was previously dismissed as contrary to the general maritime law which does not provide a cause of action against a cruise line for the alleged negligence of its shipboard physicians. As such, Count III fails to state a cause of action and is dismissed with prejudice.

### E. Count VII: Negligence Per Se in the Unlicensed Practice of Medicine

■ In its Motion to Dismiss, Royal Caribbean argues that Hesterly has impermissibly alleged negligence *per se* for violation of Chapter 458 of the Florida Statutes because the claims available to Plaintiff arise exclusively from the general maritime law.[5] In response, Hesterly ar-

---

4. Even if I had found Fla. Stat. § 766.202(4) to be applicable, any cause of action arising under this statute would run counter to maritime case law, which states that a shipping company is not in the business of providing medical services to passengers, and as such could not provide a basis for a cause of action. *See Coastal Fuels Mktg., Inc.,* 207 F.3d at 1251 ("When neither a uniform statutory or judicially-created maritime rule provides

an answer to a specific legal question, a court may apply state law, as long as it does not contradict *the uniformity of the general maritime law."*) (emphasis added).

5. Although Plaintiff's Amended Complaint states violations of Chapter "358" we assume, for purposes of evaluating Royal Caribbean's Motion, that this is merely a typographical error as Chapter 458 governs the regulation

gues that Royal Caribbean is negligent *per se* [6] based upon the allegations that it breached Fla. Stat. § 358.311(6) and Fla. Stat. § 328.320(1), and that this argument "in no way conflicts with federal maritime law or its uniformity." [7] (Pl.'s Resp. 15).

In the present case, the analysis of available claims is governed by the general maritime law because this case involves alleged torts which occurred upon navigable waters. *See Everett v. Carnival Cruise Lines,* 912 F.2d 1355, 1358 (11th Cir.1990)) ("Because this is a maritime tort ... maritime law governs the substantive issues of the case."); *See also Keefe,* 867 F.2d at 1320–21 ("[W]e note that the substantive law applicable to this action, which involves an alleged tort committed aboard a ship sailing in navigable waters, is the general maritime law, the rules of which are developed by federal courts."). When neither a uniform statutory or judicially-created maritime rule provides an answer to a specific legal question, a court may apply state law, as long as it does not contradict the uniformity of the general maritime law. *See Coastal Fuels Mktg., Inc.,* 207 F.3d at 1251. This rule is violated when the state remedy "[w]orks material prejudice to the characteristic features of the general maritime law or interferes with the proper harmony and uniformity of that law in its international and interstate relations." *American Dredging Co. v. Miller,* 510 U.S. 443, 447, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994); *See also Carlisle,* 953 So.2d at 464.

As previously stated, "there are federal decisions and established rules of law that directly address the liability of a ship owner for the alleged negligence of a ship's physician." *Carlisle,* 953 So.2d at 464. Further, the general maritime law requires shipowners who elect to provide physicians for their passengers to select doctors who are competent and duly qualified. *Barbetta,* 848 F.2d at 1369. "This duty is sufficiently fulfilled when the physician's fitness is diligently inquired into; proper evidence of his treatment does not prove that he was incompetent or that the company was negligent in hiring him." *Jackson,* 203 F.Supp.2d at 1374.

Accordingly, Hesterly's argument is unavailing. First, as correctly asserted by Royal Caribbean, requiring cruise lines to staff their ships with Florida licensed physicians materially prejudices the characteristic features of the above stated maritime law. Specifically, Royal Caribbean argues:

> "During any one voyage a cruise ship may call upon several United States as well as foreign ports. Requiring the cruise line to staff its ships with Florida licensed physicians will open the door to requiring the same ship to carry physicians licensed in California, Louisiana, Maryland, Massachusetts ... and any other state which the vessel may call on during that voyage. This is a far cry from the general maritime law obligation stated by this Court in *Jackson* which requires only inquiry into the physician's fitness ... [to determine whether the ship owner's duty is fulfilled]."

*Coast Line R.R.,* 281 So.2d 198, 201 (Fla. 1973).

of the practice of medicine in Florida. Fla. Stat § 458 (2006).

**6.** Under Florida law, negligence *per se* is the violation of a statute which establishes a duty upon a party to take precautions to protect a particular class of persons from a particular injury or type of injury. *de Jesus v. Seaboard*

**7.** Neither Fla. Stat. § 358.11(6) or Fla. Stat. § 358.320(1) exist in the Florida Statutory Code. This Court assumes that Plaintiff intended to cite Fla. Stat. § 458.311(6) and Fla. Stat. § 458.320(1).

(Def.'s Reply 8). Because this is a maritime case, this Court must adhere to the federal principles of harmony and uniformity when applying federal maritime law.

Second, neither of the statutes cited by Hesterly support the argument for which Hesterly cites them. Both statutes concern requirements a physician must meet to obtain a Florida medical license.[8] These statutes have nothing to do with the hiring or contracting with physicians who serve on a cruise ship. As such, these statutes do not call upon Royal Caribbean, a cruise line who contracts with physicians for the convenience of its passengers to take precautions to protect a class of persons. Lastly, like the court in *Barbetta*, I find no "case support nor statutory support for the argument that a passenger ship which serves-among others-American passengers must, if it employs a doctor, employ one who is qualified to practice medicine in the United States." *Barbetta*, 848 F.2d at 1372–1374 (rejecting plaintiffs' argument that when a carrier hires a doctor who cannot practice medicine in the United States it commits "actionable negligence.") Therefore, Count VII of Hesterly's Amended Complaint fails to state a claim which would entitle her to relief, and must be dismissed with prejudice.

### IV. Conclusion

For the above reasons,

It is hereby **ORDERED AND ADJUDGED** that:

1) Royal Caribbean's Motion to Dismiss is GRANTED IN PART, DENIED IN PART [DE # 53].

2) Royal Caribbean's Motion to Dismiss Count I of the Complaint is DENIED insofar as plaintiff has alleged the correct standard of care, and GRANTED only to the extent that Plaintiff has alleged a duty of "due diligence for plaintiff's safety" and "a duty to warn of all dangers."

3) Royal Caribbean's Motion to Dismiss Count II of the Complaint is GRANTED only to the extent that Count II pleads that Royal Caribbean had an affirmative duty to supervise its shipboard physicians and that Royal Caribbean is liable for the negligence of its shipboard physicians.

4) Royal Caribbean's Motion to Dismiss Count III is GRANTED with prejudice.

5) Royal Caribbean's Motion to Dismiss Count VII is GRANTED with prejudice.

---

**8.** Florida statute § 458.311(6) states the following: "[e]ach applicant who meets the requirements of this chapter shall be licensed as a physician, with rights as defined by law." Florida statute § 458.320(1) states in relevant part: "[a]s a condition of licensing and maintaining an active license ... an applicant must by one of the following methods demonstrate to the satisfaction of the board and the department financial responsibility to pay claims and costs ancillary thereto arising out of the rendering of, or the failure to render, medical care or services ...."