[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11077
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-02794-RWS

COBB COUNTY SCHOOL DISTRICT,

Plaintiff - Appellee,

versus

D.B.,
by and through his parents and next friends,
G.S.B.,
K.B.,
individually,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 14, 2016)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendants-Appellants G.S.B and K.B. appeal their award of $75,000 in attorneys' fees under the Individuals with Disabilities Education Improvement Act (IDEA or the Act), 20 U.S.C. § 1415(i)(3).  The Appellants moved for attorneys' fees in the amount of $271,527.50 and costs in the amount of $1,016.27 after the district court affirmed an administrative decision granting their child, D.B., an independent educational evaluation at public expense under the IDEA.  On appeal, the defendants argue that the district court erred, *inter alia*, by improperly reducing their attorneys' fees award based on factors listed in § 1415(i)(3)(F) of the Act.[1]

We "review the district court's award of attorneys' fees and costs for abuse of discretion, revisiting questions of law de novo." *Atlanta Journal & Constitution v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1287 (11th Cir. 2006).

Without calculations or citations to authority, it is difficult to meaningfully review how the district court interpreted and applied the provisions of § 1415(i)(3). *See Coastal Fuels Mktg., Inc. v. Fla. Express Shipping Co.*, 207 F.3d 1247, 1252 (11th Cir. 2000) (per curiam) ("[A] court's order on attorney's fees must allow meaningful appellate review.  The trial court should articulate and give principled

---

[1] Cobb County School District does not argue on appeal that the Appellants fail to qualify as "prevailing parties."  Therefore, we assume for purposes of this appeal that G.S.B. and K.B. are "prevailing part[ies] who [are] the parent[s] of a child with a disability" and thus entitled to "reasonable attorneys' fees."  *See* 20 U.S.C. § 1415(i)(3)(B)(i); *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (argument not briefed is abandoned on appeal).

2

reasons for its decisions and show some calculations.  If the court disallows hours, it must explain which hours are disallowed and show why an award of those hours would be improper.").  However, we hold the district court abused its discretion to the extent that it reduced the Appellants' fee award under § 1415(i)(3)(F).  Under the plain language of the statute, the district court cannot reduce a prevailing party's fee award pursuant to § 1415(i)(3)(F) when "the court finds that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding."  20 U.S.C. § 1415(i)(3)(G).  Here, the district court made findings that both parties had "needlessly extended" and "over-litigated the case." *See Cobb Cty. Sch. Dist. v. D.B.*, No. 1:14-cv-02794, slip op. at 7–8 (N.D. Ga. Feb. 9, 2016), ECF No. 57.

Therefore, we vacate the district court's award of attorneys' fees and costs, and we remand for the court to recalculate the award of "reasonable attorneys' fees." *See* 20 U.S.C. § 1415(i)(3); *Hensley v. Eckerhart*, 461 U.S. 424, 433–37, 103 S. Ct. 1933, 1939–41 (1983).[2]

**VACATED AND REMANDED.**

---

[2] "[F]ee-shifting statutes' similar language is a strong indication that they are to be interpreted alike." *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758–59 & n.2, 109 S. Ct. 2732, 2735 & n.2 (1989) (internal quotation marks omitted).