[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11896
Non Argument Calendar
_____

D.C. Docket No. 1:14-cv-00296-AT


ALEXANDER WILLIAMS,
by and through his Guardian, Conservator, and Next Friends,
Douglas Williams and Lisa Williams,
DOUGLAS WILLIAMS,
LISA WILLIAMS,

                                                    Plaintiffs - Appellants,

versus

FULTON COUNTY SCHOOL DISTRICT,
FRANCES BOYD,
PAULA MERRITT,
VICKI DENMARK,
RALPH LYNCH, et al.,

                                                    Defendants - Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 30, 2017)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

This appeal involves the award of attorneys' fees in an Individuals with Disabilities Education Improvement Act ("IDEA")[1] lawsuit.  Under the IDEA, a district court may award reasonable attorneys' fees to a prevailing party.  20 U.S.C. § 1415(i)(3)(B).  The Appellants argue that another IDEA provision, § 1415(i)(3)(G), prevents the District Court from exercising any discretion in determining a reasonable amount of attorneys' fees in this case.  This interpretation is contradicted by the plain language of the IDEA and has no precedential support.  Accordingly, we affirm.

## I.

From 1996 through 2011, Alex Williams attended school in the Fulton County School District ("FCSD") and was eligible for special education services.  Alex was born with hydrocephalus, a mid-brain abnormality that prevents spinal fluid from draining away from the brain, and has cerebral palsy, a history of seizures, and other significant developmental issues.  Alex suffered severe mistreatment and abuse at the hands of his classroom teacher when he was a

---

[1] 20 U.S.C. § 1400 *et. seq.*

student at Hopewell Middle School during the 2006–07 school year.[2]  FCSD knew

of this abuse but did not disclose it to Alex's parents.

Once his parents discovered the abuse, they filed a due process complaint

pursuant to the IDEA in June 2011.  An administrative law judge ("ALJ")

conducted a due process hearing over the course of five and a half days in

November 2011.  The ALJ found that FCSD violated Alex's right to a free and

appropriate public education and awarded five years of integrated home and

community-based instruction from private providers as well as necessary therapy

expenses and reimbursements.  The ALJ further found that FCSD denied Alex's

parents access to his education records in a timely fashion.  This denial was a

"procedural violation that had a demonstrable impact" on the due process

proceeding, according to the ALJ.

Under the IDEA, a district court may award reasonable attorneys' fees to a

prevailing party who is the parent of a child with a disability.  20 U.S.C.

§ 1415(i)(3)(B).  If the court finds that the parent unreasonably protracted the

litigation, the parent's attorney's hourly rate exceeds the prevailing rate of the

---

[2] The ALJ's findings of fact related to this abuse are truly horrific.  Alex's classroom teacher slammed him into a locker or concrete floor when he moved too slowly for her.  Alex was in a class with three other disabled students during this school year, and the teacher would scream at each of them daily, burp and pass gas in their faces, and press her breasts against them. Alex was also restrained to a chair and left alone in a dark, windowless room by the teacher.  We note that, while the present appeal is limited only to the District Court's decision on the attorneys' fees award, these appalling facts are relevant as the basis for the underlying claim and why the Appellants succeeded as a "prevailing party" to merit attorneys' fees under the IDEA.

3

community, or the attorney spent excessive time working on the proceeding or did not provide necessary information to the school district, it "shall reduce" the amount of attorneys' fees that it awards. *Id.* § 1415(i)(3)(F). But if the district court finds that the school district unreasonably protracted the litigation or violated § 1415 of the IDEA, the provisions of subparagraph (F) "shall not apply." *Id.* § 1415(i)(3)(G). The IDEA therefore includes a "reasonable attorneys' fees" provision in subparagraph (B), a "mandatory fee reduction" provision in subparagraph (F), and an exception to the mandatory fee reduction in subparagraph (G).

After prevailing in the due process hearing, the Appellants moved in the District Court for more than $420,000 of attorneys' fees under subparagraph (B). They argued the District Court lacked any discretion to reduce the award because the ALJ found that FCSD denied them access to Alex's educational records. This, they claimed, was both an unreasonable protraction of the litigation and a violation of § 1415.[3] Therefore, subparagraph (G) would control, and subparagraph (F)'s fee reduction provision "shall not apply." Without (F), the Appellants claim, the District Court has no basis to reduce the attorneys' fees award and must award all of the expenses claimed by their attorneys.

---

[3] Section 1415(b)(1) provides that parents shall have "[a]n opportunity . . . to examine all records relating to" the identification, evaluation, and educational placement of their child in an IDEA lawsuit.

4

The District Court rejected this argument.  It determined that subparagraph (F)'s *mandatory* fee reduction provision could be neutered when (G) applied, but even if that were the case here, subparagraph (B) still permitted it to award only *reasonable* attorneys' fees in its discretion.  It then examined the billing records and supporting affidavits, determined some billing rates and recorded hours were unreasonable, and reduced the award to $283,372.86.  The Appellants timely appealed.

## II.

We review a district court's award of attorneys' fees for abuse of discretion. *Atlanta Journal & Constitution v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1287 (11th Cir. 2006).  An abuse of discretion occurs when the district court "fails to apply the proper legal standard or to follow the proper procedures in making the determination" or when the court "bases an award upon findings of fact that are clearly erroneous."  *In re Red Carpet Corp. of Panama City Beach*, 902 F.2d 883, 890 (11th Cir. 1990).

## III.

The Appellants argue the District Court erred in three ways: (1) it violated the plain language of the IDEA—specifically, the exception to the mandatory fee reduction in subparagraph (G)—by reducing the attorneys' fees award; (2) it erred by declining to award prejudgment interest; and (3) it erred in its factual findings

5

that it relied upon to determine the reasonableness of the attorneys' fees award. We discuss each argument in turn.

### A.

Section 1415(i)(3)(B) of the IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." This reasonable attorneys' fees provision is the basis for the District Court's award in this case. The Court reviewed the requested attorneys' fees, reduced them for reasonableness, and then made its award.

The Appellants argue that the plain language of two other IDEA subparagraphs should have prevented the District Court from making any reductions in the attorneys' fees award. Subparagraph (F) provides that "whenever the court finds that" one of four defined circumstances exist,[4] "the court shall reduce, accordingly, the amount of the attorneys' fees awarded under this section."

---

[4] Subparagraph (F), the mandatory reduction provision, states that

[e]xcept as provided in subparagraph (G), whenever the court finds that—
(i) the parent, or the parent's attorney, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy;
(ii) the amount of the attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience;
(iii) the time spent and legal services furnished were excessive considering the nature of the action or proceeding; or
(iv) the attorney representing the parent did not provide to the local educational agency the appropriate information in the notice of the complaint described in subsection (b)(7)(A),
the court shall reduce, accordingly, the amount of the attorneys' fees awarded under this section.

20 U.S.C. § 1415(i)(3)(F). Subparagraph (F)'s mandatory fee reduction provision has an exception. If the district court finds "that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding or there was a violation of this section," then "[t]he provisions of subparagraph (F) shall not apply." *Id.* § 1415(i)(3)(G). The Appellants argue that subparagraph (G) applies in this case because FCSD unreasonably protracted the litigation and violated § 1415 by not providing Alex's education records to his parents. Because of this, they claim, (G) not only prevents the *mandatory* fee reductions in (F) from occurring, but it prevents *any* fee reduction, of any kind whatsoever, by the District Court.

Not so. This interpretation is unsupported by the language of the statute and has no precedential support. Subparagraph (B) permits a district court to award *reasonable* attorneys' fees. If a party submits an unreasonably large bill for the award, a court has the power to reduce it to a reasonable amount. Subparagraph (F) provides that, in certain circumstances, the district court *must* reduce the award to an amount lower than it otherwise would. But if (G)'s exception also applies, the court is not required to reduce the award. Subparagraph (G) has no bearing on the court's determination of which fees are or are not *reasonable*. It merely excuses the court from having to reduce the award if a circumstance in (F) also applies. The plain language of the IDEA contradicts the Appellants' argument.

7

The Appellants provide no case law to support their interpretation of this provision.[5]  Instead, they rely on one unpublished case that, after review, supports FCSD's position.  In *Cobb County School District v. D.B.*, 670 F. App'x 684 (11th Cir. 2016), this Court reversed a district court's reduction of attorneys' fees under the IDEA.  There, the district court did not make precise calculations regarding the reduction but instead relied on its own experience with litigation.  It examined a request for $271,527.50 of attorneys' fees and flatly reduced it to $75,000.  We construed this as a required reduction under subparagraph (F) because the district court found that one of the four circumstances that trigger (F)'s mandatory reduction provision applied.  But because the district court *also* found that the school district had unreasonably protracted the litigation, we reversed and held that the district court should have applied subparagraph (G)'s exception to (F).  Thus, we remanded for the district court to recalculate "reasonable attorneys' fees" pursuant to subparagraph (B).

*Cobb County* does not provide support for the Appellants' position.  Rather, it illustrates how the IDEA operates when subparagraph (G) applies.  If (G)'s exception applies, a district court errs if it acts as though it is *required* to reduce the

---

[5] This interpretation appears to be rarely argued.  In *Platt v. District of Columbia*, the court noted that it was a "curious argument" before determining, as we do, that subparagraph (G) does not affect the court's discretionary authority to award reasonable attorneys' fees.  168 F. Supp. 3d 253, 263 n.8 (D.D.C. 2016).

award under (F).[6] But the district court retains the discretion to determine what qualifies as "reasonable attorneys' fees" under (B). In *Cobb County*, we remanded for the district court to perform that reasonableness analysis even though subparagraph (G)'s exception applied. In the instant case, this is precisely what the District Court did. Its reductions to the award were due to reasonableness, not because it erred in believing that (F) required it to reduce the award. *Cobb County* is of no help to the Appellants. Because their interpretation has no precedential support and is contradicted by the plain language of the statute, the District Court did not abuse its discretion in applying subparagraph (B)'s reasonableness analysis to reduce the attorneys' fees award.

### B.

The Appellants also argue that the District Court erred in declining to award prejudgment interest. The IDEA allows reasonable attorneys' fees to be awarded "as part of the costs." 20 U.S.C. § 1415(i)(3)(B)(i). Prejudgment interest is not part of the costs; rather, it is considered as damages. *Library of Cong. v. Shaw*, 478 U.S. 310, 321, 106 S. Ct. 2957, 2965 (1986) (superseded by statute). The term "costs" has "never been understood to include any interest component." *Id.*

---

[6] A district court does not err if it uses subparagraph (F)'s enumerated causes for mandatory reduction to inform its reasonableness analysis, as the District Court did here, so long as it does not reduce the award because it acts as though (F) is binding.

9

Accordingly, the District Court did not abuse its discretion in declining to award prejudgment interest.

## C.

Finally, the Appellants argue that the District Court erred in its factual findings that it relied upon to perform its reasonableness analysis.  The Appellants take issue with some of the substantive reductions, such as lowering one attorney's hourly rate from $650 to $500 and finding that eight days of preparation for a one-day preliminary hearing was excessive.  The Appellants do not, however, identify any fact that the District Court relied upon in its analysis that was objectively incorrect.  The District Court performed an intensive and thorough analysis of the billing records and affidavits offered by both parties to support and oppose the attorneys' fees request.  The Appellants did not show that it relied upon a clearly erroneous fact in doing so, and the District Court did not otherwise abuse its discretion in making substantial but reasonable reductions to the fee request.  Accordingly, the Appellants' argument must fail.

## IV.

The District Court did not abuse its discretion in reducing the attorneys' fees award to a reasonable amount.  We affirm the judgment.

**AFFIRMED.**

10